## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY DUFFIELD,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0481** (BOR Appeal No. 2056195)
(Claim No. 2020016477)

**KOKOSING CONSTRUCTION COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Duffield, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kokosing Construction Company, Inc. ("Kokosing"), by Counsel H. Toney Stroud, filed a timely response.

The issue on appeal is the compensability of a claim for occupational pneumoconiosis. The claims administrator rejected the claim on March 10, 2020. On December 16, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's rejection of the claim. This appeal arises from the Board of Review's Order dated May 17, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Duffield filed an application for occupational pneumoconiosis benefits on January 9, 2020, stating that he was last exposed to minute particles of dust in 2008. He also indicated that he had never filed an occupational pneumoconiosis claim or Federal Black Lung claim. Mr. Duffield reported a work history spanning twenty-eight years as an equipment operator for strip mines or road construction jobs. The physician's section of the form was signed by Dan Doyle, M.D., who stated that Mr. Duffield was diagnosed with mild to moderate coal workers pneumoconiosis.

A pulmonary study dated October 17, 2019, from Pulmonary Associates of Charleston indicated that Mr. Duffield had a FVC of 61% of predicted value.[1] The FEV1 value was 69% of predicted and a DL/VA of 118% of predicted.[2] Mr. Duffield underwent chest x-rays performed by Azal Ahmed, M.D., on October 26, 2019, and it was found that his heart size was at the upper limits of normal. There was no evidence of parenchymal densities in the lung fields and no evidence of localized pneumonia. The x-rays showed mild degenerative changes of the mid and lower thoracic spine. The trachea and mediastinum were normal. There was no evidence of pleural thickening or calcification. The costophrenic angles were clear. The impression was negative for pneumoconiosis, with a profusion of 0/0.

A Pulmonary Associates of Charleston chest CT report dated December 3, 2019, signed by Frank Muto, M.D., found no evidence of acute intrathoracic disease. There were no acute areas of lung consolidation or suspicious pulmonary nodules. There were bilateral calcified granulomas. There were no pleural effusions. There was a small hiatal hernia and coronary artery

---

[1] FVC is the volume of air that can be forcefully exhaled from the lungs after a maximal inspiration. See West Virginia Code of State Rules § 85-20-52.9(d)(1).

[2] FEV1 is the volume of air that can be exhaled forcefully from the lungs in one second after a maximal inspiration. See West Virginia Code of State Rules § 85-20-52.9(d)(2). DL/VA refers to the carbon monoxide diffusing capacity of the lungs per unit of alveolar volume. See West Virginia Code of State Rules § 85-20-52.9(d)(15).

calcifications were noted. After receipt of the pulmonary report, a Physician's Report of Occupational Pneumoconiosis was signed by a nurse practitioner at Cabin Creek Health Center on December 5, 2019, reporting that Mr. Duffield was short of breath, and he wheezed whenever he walked distances.

By Order dated March 10, 2020, the claims administrator denied Mr. Duffield's application for benefits, as there was no evidence of harmful exposure with the employer in the claim. The decision was based primarily on the application submitted and the data sheet on the closed cab equipment that Mr. Duffield operated during his employment with Kokosing.

Mr. Duffield protested the claims administrator's rejection of his claim and testified regarding his work history at a deposition on May 22, 2020. He stated that he began as a heavy equipment operator beginning in 1968. During his employment working out of his union hall, he was exposed to dust, sand, rock, and limestone, during his 10-hour shifts, five days a week. He also worked eight hours on Saturdays. Mr. Duffield indicated that 99% of his work had been on interstate and road construction projects. Although he worked in closed cabs, he stated that they were not completely sealed off because dust would enter through cracks, and he would have dust on his clothing when he would get off work in the evenings. Mr. Duffield retired in August of 2008. He testified that during the last four months of his employment with Kokosing, he worked in an air-conditioned enclosed cab, but he was still exposed to dust while he was inside the cab. He asserted that the cabs did not always close tightly, and they had cracks that would allow dust to enter the cab.

Kokosing submitted information on the D8T track-type tractor like Mr. Duffield operated during his employment on June 9, 2020. The document described the equipment, including that it had an enclosed cab. In an affidavit dated October 7, 2020, Tom Wynkoop indicated that he was a lead project engineer with Kokosing and that Mr. Duffield was a heavy equipment operator during his employment. It was stated that Mr. Duffield operated eight different dozers, one excavator, one grader, and one compactor during his employment. He never operated a loader. The prorated average age of all of the equipment operated by Mr. Duffield was 2.92 years. All of the equipment that he operated was heated and air conditioned with sealed cabs. Mr. Wynkoop stated that based upon his experience and knowledge of the equipment used, Mr. Duffield was not exposed to abnormal quantities of dust during his employment with Kokosing.

On appeal, Mr. Duffield argued that he was exposed to hazardous dust particles while operating heavy equipment, and that he met the requirements of the statutes under West Virginia law for filing a claim for occupational pneumoconiosis benefits. In a Final Decision dated December 16, 2020, the Office of Judges agreed with the claims administrator and determined that the evidence of record showed that it is more likely than not that Mr. Duffield was not exposed to the hazards of occupational pneumoconiosis during his employment with Kokosing. The Office of Judges affirmed the March 10, 2020, Order rejecting the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 17, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Although Mr. Duffield argues that his testimony is reliable and credible regarding his exposure to dust while operating heavy equipment, based upon the evidence submitted for consideration, Mr. Duffield is unable to establish exposure to hazardous dust levels for the requisite period as required by West Virginia law.[3]

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] Pursuant to West Virginia Code § 23-4-1(b), compensation shall not be payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of his or her last exposure to such hazards, or for any five of the fifteen years immediately preceding the date of his or her last exposure. To be entitled to compensation for the disease of occupational pneumoconiosis, the employee must have been exposed to the hazards of occupational pneumoconiosis for a continuous period of not less than sixty days within three years prior to filing his or her claim. West Virginia Code § 23-4-15(b).